UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRENDA KOEHLER,<br>KELLY PARKER,<br>LAYLA BOLTEN &<br>GREGORY HANDLOSER<br><br>    Plaintiffs,<br><br>v.<br><br>INFOSYS TECHNOLOGIES LIMITED<br>INC., and INFOSYS PUBLIC SERVICES,<br>INC.<br><br>    Defendants. | Case No. 2:13-cv-885<br><br>Hon. Charles N. Clevert |

### DEFENDANTS' MOTION TO DISMISS
### PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Infosys Limited ("Infosys")[1] and Infosys Public Services, Inc. ("IPS"), by and through their undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss the Second Amended Complaint ("SAC") filed by Plaintiffs Brenda Koehler ("Koehler"), Kelly Parker ("Parker"), Layla Bolten ("Bolten"), and Gregory Handloser ("Handloser") (collectively, "Plaintiffs").

In support of their Motion, Defendants state as follows:

1. Plaintiffs filed their First Amended Complaint ("FAC") on September 27, 2013. Dkt. #4. Defendants moved to dismiss the FAC, and briefing was completed nearly eight months ago. Dkt. ## 6-7, 9-10.

---

[1] Infosys Limited is incorrectly named in the Complaint as "Infosys Technologies, Limited Inc."

2. Plaintiffs recently filed a Second Amended Complaint ("SAC") that is virtually identical to the FAC, including claims that Plaintiffs previously conceded they had no legal basis to assert. A comparison of the FAC and SAC is attached to the accompanying Memorandum of Law as Exhibit A.

3. As the Court observed in granting leave to file the SAC, the SAC addresses Plaintiffs' failure to exhaust administrative remedies under Title VII, adds the experiences of a former Infosys recruiter, and notes a fine paid by one of the Defendants to resolve an investigation. Dkt. #18. The SAC does not address, however the other deficiencies of the FAC. If anything, the SAC's few differing allegations only underscore that Plaintiffs have failed to state any claim upon which relief can be granted.

4. Plaintiffs' SAC is comprised of three counts of race and national origin discrimination pursuant to 42 U.S.C. § 2000 et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"):

- **Count I, Title VII disparate treatment with respect to hiring and employment.** In Count I, Plaintiffs Koehler and Parker claim that they were not hired on account of their race (not "South Asian") and national origin (not "Indian, Bangladeshi, or Nepalese"). SAC ¶¶ 130-34. Plaintiffs Bolten and Handloser, by contrast, claim that they were disfavored in employment decisions concerning positions, promotions, compensation, performance standards or ratings, and termination. *Id*. In addition to their individual claims, Plaintiffs seek to represent a class or, in the alternative, a "hiring subclass" and an "employment subclass." *Id*.

- **Count II, Section 1981 disparate treatment with respect to hiring and employment.** In Count II, Plaintiffs claim that they were treated differently with respect to hiring, positions, promotions, compensation, performance standards or ratings, and/or termination as compared to those of "South Asian race" or "Indian, Bangladeshi, or Nepalese national origin." SAC ¶¶ 135-139. Plaintiffs also seek to represent a class or, in the alternative, a "hiring subclass" and an "employment subclass." *Id*.

- **Count III, Title VII disparate impact with respect to hiring.** In Count III, Plaintiffs Koehler and Parker claim that Defendants "have used policies and practices related to hiring," such as "rel[ying] upon visa

2

and/or green-card employees, or other individuals of South Asian race or Indian, Bangladeshi or Nepalese national origin" that have had a disparate impact on workers who are "American-born or not born in South Asia[.]" SAC ¶¶ 140-42. Koehler and Parker also seek to represent a "hiring subclass." *Id*.

5. None of Plaintiffs' counts states a claim upon which relief can be granted.

**Count I, Title VII disparate treatment with respect to hiring and employment:**

6. There is no basis for a hiring claim against IPS because none of the Plaintiffs were unsuccessful applicants for that company. SAC ¶¶ 4, 8, 47, 54, 70 (hiring Plaintiffs Koehler and Parker both applied only to Infosys). Plaintiffs previously conceded this point (Dkt. #9 at 12) but did not remove the claim when they filed their SAC.

7. Plaintiffs' Title VII claims are not actionable to the extent that they are predicated on the notion that Defendants "fill[ed] a disproportionately large percentage of its work force with individuals of South Asian race or Indian, Bangladeshi, or Nepalese national origin, including South Asian workers brought to the United States on visas even when there are qualified individuals available in the United States." SAC ¶ 132. Grievances related to defendant's visa practices "are not actionable under . . . Title VII[.]" *See Zhang v. Honeywell Int'l, Inc.*, Nos. CV-06-1181-PHX-MHM, CV-07-1790-PHX-MHM, 2010 WL 1996594, *1 (D. Ariz. 2010).

*8.* Plaintiffs' individual Title VII claims fail for the additional reason that there is no way to determine who is and is not in the allegedly favored group—a fact only made more clear through Plaintiffs' response to the first motion to dismiss and through the SAC. There are no guidelines to determine who is of "South Asian race," and the phrase is not capable of being clearly defined. Likewise, national origin claims like those asserted by Plaintiffs have a built-in possibility for conflict, as a person's place of birth and their ancestral home need not be the same. The inability to identify distinct racial and national origin groups is fatal to Plaintiffs'

3

claims, because in a disparate treatment case, plaintiff must show that a decision maker took a particular course of action at least in part because of its adverse effects on an identifiable group. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. at 335 n.15 (disparate treatment claims arise when an "employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin."); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885-86 (7th Cir. 2012) (affirming dismissal of Title VII disparate treatment claims).

9. Even if the Plaintiffs had sustainable individual causes of action, which they do not, their claims still could not proceed on a class basis.

10. Plaintiffs' proposed class is not reasonably defined. *Adashunas v. Negly*, 626 F.2d 600, 603 (7th Cir. 1980) ("In order to state a class action claim upon which relief can be granted, there must be alleged at the minimum (1) a *reasonably defined class of plaintiffs*, (2) all of whom have suffered a constitutional or statutory violation (3) inflicted by the defendants.") (emphasis added). For the same reasons that there are intractable problems with defining who is or is not a comparator based on "South Asian" race or Indian, Bangladeshi, or Nepalese, so too there is no way to reasonably define who is in or out of the proposed subclass based on those divisions.

11. Plaintiffs' proposed class also is an impermissible "fail-safe" that begs the question of liability, since membership in the class "depends on whether the person has a valid claim." *Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802 (7th Cir. 2012).

12. Plaintiffs' claims cannot satisfy Rule 23(a), which requires that there are questions of law or fact common to the class. *See* Fed. R. Civ. P. 23(a)(2); *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157 (1982). The closest Plaintiffs come to identifying a "common question" is their allegation of alleged misuse of H-1B and B-1 visas (SAC ¶ 123), but these claims are not actionable under Title VII. *See Zhang*, 2010 WL 1996594 at *1. The remaining

4

"common questions" raised by Plaintiffs are generic queries of the type declared inadequate by the Supreme Court. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550-2551 (2011).

13. Plaintiffs' claims are also highly individualized, concerning decisions by different decision-makers, in different parts of the company, who applied different criteria relevant to filling different positions – and not susceptible of resolution "in one stroke." *Dukes*, 131 S.Ct. at 2551. As a result, proof of any one Plaintiff's individual claims would not shed light on the claims of his or her fellow Plaintiffs, much less the myriad other hiring and employment decisions made by Defendants. *Id*. at 2554.

14. Plaintiffs' claims also do not satisfy the requirements of Rule 23(b)(2), Rule 23(b)(3), or Rule 23(c)(4).

15. Rule 23(b)(2) certification is not permitted where "each class member would be entitled to an individualized award of monetary damages." *Dukes*, 131 S.Ct. at 2557. Plaintiffs cannot certify a Rule 23(b)(2) class because they seek multiple forms of individualized monetary relief, including "compensatory, nominal, and punitive damages." *See, e.g.*, SAC ¶ 7.

16. Rule 23(b)(3) requires that common issues "predominate over any question affecting only individual members" and that a class action would be "superior to other available methods for fairly and efficiently adjudicating the controversy." By comparison to the commonality requirement of Rule 23(a), the "predominance" requirement of Rule 23(b)(3) is "far more demanding." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997); *see also Dukes*, 131 S. Ct. at 2558. Since Plaintiffs will be unable to satisfy even the lower standard of commonality under Rule 23(a), they also cannot satisfy the much less rigorous predominance requirement of Rule 23(b)(3).

5

17. The same lack of commonality that dooms Plaintiffs' ability to satisfy Rule 23(a) also prevents certification under Rule 23(c)(4). *See Boelk v. AT&T Teleholdings, Inc.*, 2013 WL 261265 (W.D. Wis. Jan. 10, 2013) (denying Rule 23(c)(4) certification because "plaintiffs failed to show that any common issue central to their claims could be resolved on a classwide basis").

**Count II, Section 1981 disparate treatment with respect to hiring and employment:**

18. Plaintiffs have no viable claims under Section 1981 because the statute does not encompass their claims as pled.

19. First, claims of national origin discrimination are not actionable under Section 1981. *See, e.g., Jones v. A.W. Holdings, Inc.*, 484 Fed.Appx. 44, 44 (7th Cir. 2012). Plaintiffs have already conceded this point (Dkt. #9 at 23 n.12) but did not remove the claim when they filed their SAC.

20. Second, to bring a race claim under the statute, plaintiffs are required to demonstrate membership in a group commonly regarded as racially distinct. *See, e.g., Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348 (7th Cir. 1987). Plaintiffs do not meet this standard with their allegations that those of some undefined "South Asian race" were treated more favorably that those "not of South Asian race." SAC ¶ 123.

21. For the same reasons as set forth with respect to Count I, Plaintiffs could not proceed on a class basis even if their individual claims of employment discrimination were sustainable because they cannot satisfy Rule 23(a), Rule 23(b)(2) or (3), or Rule 23(c)(4).

**Count III, Title VII disparate impact with respect to hiring:**

22. Plaintiffs also have not pled a viable Title VII disparate impact claim.

23. A disparate impact claim requires that "a plaintiff must establish that a particular employment practice causes a disparate impact on a member of a protected class." *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 717 (7th Cir. 2012), citing 42 U.S.C. § 2000e-2(k).

24. Plaintiffs have failed to plead with particularity the source of any alleged disparate impact and instead have only generalized claims that are not even actionable under Title VII.

25. Plaintiffs' failure to identify a particular policy or practice is fatal to their claims. *See, e.g., Bolden v. Walsh Const. Co.*, 688 F.3d 893, 898 (7th Cir. 2013) (holding that no class can be maintained where plaintiffs fail to identify relevant company-wide policies).

WHEREFORE, for the reasons set forth herein and in the accompanying Memorandum of Law, Defendants respectfully request that the Court grant this Motion and enter an Order dismissing with prejudice Plaintiffs' Second Amended Complaint.

DATED: October 17, 2014

Respectfully submitted,

/s/ Sari M. Alamuddin
George Stohner
Sari M. Alamuddin
Andrew Scroggins
Rita Srivastava
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
Telephone: (312) 324-1000
Facsimile: (312) 324-1001
Email: gstohner@morganlewis.com
salamuddin@morganlewis.com
ascroggins@morganlewis.com
rsrivastava@morganlewis.com

# CERTIFICATE OF SERVICE

I, Sari M. Alamuddin, an attorney, hereby certify that on October 17, 2014, a copy of the foregoing **Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint** was electronically filed via the Court's CM/ECF system, which transmitted service of the same upon the following counsel of record for Plaintiff:

Michael F. Brown
Peterson, Berk & Cross S.C.
200 E. College Ave.
Appleton, WI 54912
Phone: 920-830-0300
Fax: 920-831-0165
mbrown@pbclaw.com

Robert A. Klinck
Daniel A. Kotchen
Kotchen & Low LLP
2300 M Street, NW
Suite 800
Washington DC 20037
Phone: 202-416-1848
Fax: 202-280-1128
dkotchen@kotchen.com
dlow@kotchen.com

Vonda K. Vandaveer
V.K. Vandaveer, P.L.L.C.
P.O. Box 27317
Washington DC 20038-7317
Phone: 202-340-1215
Fax: 202-521-0599
atty@vkvlaw.com

/s/ Sari M. Alamuddin

DB1/ 80924272.1