UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRENDA KOEHLER, <br> KELLY PARKER, <br> LAYLA BOLTEN, <br> & <br> GREGORY HANDLOSER <br><br> Plaintiffs, <br><br> v. <br><br> INFOSYS TECHNOLOGIES LIMITED, INC., and <br> INFOSYS PUBLIC SERVICES, INC. <br><br> Defendants. | Civil Action No. 2:13-cv-885 |

## NOTICE OF WITNESS RETALIATION AND TAMPERING

Plaintiffs Koehler, Parker, Bolten, and Handloser ("Plaintiffs"), by and through their undersigned attorneys, respectfully submit this Notice of Witness Retaliation and Tampering. Davina Linguist is a diversity recruiting specialist, and currently head of diversity recruiting at Infosys. She has provided testimony in this case concerning Infosys' systematic discrimination against non-South Asians. For example, Ms. Linguist observed and testified about: (1) the extremely disproportionate number of South Asian individuals Infosys hires in the United States, (2) Infosys' bulk rejection of about 12,000 applicants for U.S. positions in favor of South Asian visa holders, and (3) the fact that Infosys managers have obstructed her efforts to increase the diversity (*i.e.*, hire more non-South Asians) of Infosys' workforce. Ms. Linguist provided a signed declaration on July 3, 2016 (Ex. 1) and sat for a deposition on October 26, 2016 (Ex. 2). Today, Infosys informed Ms. Linguist that she is being demoted and will no longer be involved in Infosys' diversity program, despite over four years of exemplary work. This is the latest action in a course

of conduct designed to intimidate her and influence her testimony.

For example, the day before Ms. Linguist's deposition, Infosys' in-house counsel (Shannon D'Jamoos) and employee relations executive (Patty Cramer) sought to question Ms. Linguist about her declaration, and sought to dissuade Ms. Linguist from having her counsel present during the interview.[1] Ms. Linguist was then deposed on October 26, 2016. Ms. D'Jamoos participated in the deposition by phone. During this deposition, Infosys asked wholly inappropriate lines of questions that could only have been pursued to intimidate and harass Ms. Linguist, and make her fear retaliatory action against her or her family. For example, Infosys asked Ms. Linguist the following questions:

Q: [D]o you live with anyone?

Q: What's your husband's name?

Q: How long have you been married?

Q: And do you have any children?

Q: What are their names and ages?

Q: Were you previously married?

Q: Do any of your children live with you?

Q: Does anyone else live with you besides your husband?

Q: Do you have any kids at home?

Q: What does your husband do?

Q: Does he have his own business?

---

[1] Plaintiffs had expressly requested that Infosys not contact Ms. Linguist about the content of her declaration prior to her deposition, and Infosys had told Plaintiffs that they would not do so. *See* Email from M. von Klemperer to E. Boshkoff (Oct. 25, 2016); Email from D. Kotchen to E. Boshkoff (Oct. 26, 2016) (Ex. 3).

> Q: Do you help him with his business?
>
> Q: Do you use your Infosys computer for that?
>
> Q: When you're helping your husband with your business, are you doing that during those work hours?
>
> Q: How many hours a week do you spend on your husband's business?
>
> Q: And you're certain you don't do that during the workweek?
>
> Q: What's the name of his business?

Linguist Dep. Tr. 4:16-5:22, 195:9-25, 210:17-211:8 (Ex. 2). Infosys' questioning frightened Ms. Linguist: "I'd rather not answer that. I don't need anybody trying to come and have any type of retaliatory actions against my husband, so no, I would like not to answer that." *Id.* 211:11-14, 213:15-20 ("I'm not comfortable answering questions relating to my family members"). Yet Infosys' counsel persisted, repeatedly asking Ms. Linguist entirely irrelevant and harassing questions concerning her husband and his business. *Id.* at 211:15-213:20.

Today, Infosys informed Ms. Linguist that she was being demoted from the head of the diversity recruiting department to a recruiter – a position she held prior to her promotion to lead the diversity program in 2012. No legitimate justification exists for this action. Rather, Infosys must be demoting Ms. Linguist in retaliation for her testimony in this case and to suppress any additional testimony, such as trial testimony.[2] This conduct violates both Title VII and 18 U.S.C. § 1512(b).

Plaintiffs believe that Infosys' actions against Ms. Linguist are part of its broader effort to suppress and limit the presentation of evidence of discrimination to the Court and jury – *e.g.*, the destruction of documents (including Sanjay Jalona's files, which were destroyed in 2015 even

---

[2] Infosys likely also hopes this public demotion will serve as a warning to other potential witnesses in the Talent Acquisition unit not to step forward.

though he is referenced numerous times in Plaintiffs' complaint and in Plaintiffs' initial disclosures), withholding of its own vendor's statistical analyses showing the rates at which Infosys discriminates against non-South Asians in hiring, promotions, and terminations, *etc*.

Plaintiffs, and Ms. Linguist, are currently evaluating their next steps and thought it prudent to promptly alert the Court to this development. Plaintiffs will likely seek the Court's guidance on how best procedurally to address Infosys' conduct in a manner that will not delay resolution of class certification and summary judgment.

Dated January 31, 2017.                             Respectfully submitted,

<div style="margin-left: 50%;">

s/Daniel A. Kotchen
Daniel A. Kotchen
Michael J. von Klemperer
KOTCHEN & LOW LLP
1745 Kalorama Rd. NW, Ste. 101
Washington, DC 20009
(202) 471-1995
(202) 280-1128
dkotchen@kotchen.com
mvk@kotchen.com

*Attorneys for Plaintiffs*

</div>