UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRENDA KOEHLER,<br>KELLY PARKER,<br>LAYLA BOLTEN &<br>GREGORY HANDLOSER<br><br>    **Plaintiffs,**<br><br>v.<br><br>INFOSYS TECHNOLOGIES LIMITED,<br>INC., and INFOSYS PUBLIC SERVICES,<br>INC.<br><br>    **Defendants.** | Case No. 2:13-cv-885 |

## DEFENDANTS' MOTION TO STRIKE NOTICE OF WITNESS TAMPERING AND RETALIATION

Defendants move to strike Plaintiffs' Notice of Witness Tampering and Retaliation ("Notice") on the grounds that the allegations of witness tampering in Plaintiffs' Notice are inflammatory, unsupported and improper.

Plaintiffs contend that the following questions to deposition witness Davina Linguist[1] were "wholly inappropriate questions that could only be designed to intimate and harass Ms. Linguist."

Q: [D]o you live with anyone?

Q: What's your husband's name?

---

[1] Ms. Linguist retained counsel for Plaintiffs in 2015 and signed a declaration in this case the following year on July 3, 2016. Deposition of Davina Linguist ("Linguist Dep."), taken October 26, 2016 at 4:16-24 (Exhibit A). Nonetheless, Ms. Linguist was not deposed during the discovery period because, for reasons that have never been explained, Plaintiffs did not list Ms. Linguist as a witness on any witness list or disclosures. The first time that Defendants learned that Ms. Linguist would be a witness was when Plaintiffs disclosed her declaration on September 13, 2016, three days before the close of discovery. *See* Minute Entry of Status Conference on September 22, 2016 at 2 [Dkt. 75] (noting Defendants' objection to new declarations and counsel's explanation that "these witnesses do not matter much to the case" and stating further that he had received the declarations "in the last few weeks"); *compare* Linguist Dec. (showing that it was signed more than two months earlier on July 3, 2016).

1

US.110151544.02

Q:  How long have you been married?

Q:  And do you have any children?

Q:  What are their names and ages?

Q:  Were you previously married?

Q:  Do any of your children live with you?

Q:  Does anyone else live with you besides your husband?

Q:  Do you have any kids at home?

Q:  What does your  husband do?

Q:  Does he have his own business?"

This is a remarkable allegation considering that <u>Plaintiffs' counsel themselves asked nearly identical questions</u> (and others of a more personal nature) in a depositions of an Infosys witness weeks before the Lindquist deposition.  Specifically, in a deposition on July 22, counsel for Plaintiffs asked Infosys witness Sudip Singh the following questions:

Q:  Where were you born?

Q:  And what year were you born?

Q:  Are you a US citizen?

Q:  And when did you become a US citizen?

Q:  And before you became a US citizen, did you have a green card?

Q:  And when did you obtain that green card?

Q:  [B]efore you obtained the green card, did you work in the US?

Q:  And what type of visa was that?

Q:  [D]id you ever work pursuant to any other type of visa?

Q: Are you married?

Q: [W]hat is your wife's name?

Q: [H]ow long have you been married?

Q: And what is [your wife's] occupation?

Q: Is that a full-time job?

Q: [I]s your wife a US citizen?

Q: And when did she become a citizen?

Q: [W]ere you ever married before that?

Q: [D]o you have any children?

Q: [W]hat are their names?"

Deposition of Sudip Singh, taken July 22, 2016 ("Singh Dep") at 10:7-13:16 (Exhibit B).

Indeed, one of the allegedly threatening questions ("where do you live?") is routinely asked by both parties alike. *See* Linguist Dep. 4:8-9; Singh Dep. 34:21-35:16; Deposition of Fazlul Halim, taken September 1, 2016 at 5:10-14 (Exhibit C) (Plaintiffs' counsel requesting Halim's address); Deposition of Kapil Kulkarni, taken September 8, 2016 at 6:17-21 (Exhibit D) (Plaintiffs' counsel requesting Kulkarni's address). Given Plaintiffs' counsel's use of the same or similar personal questions during their depositions, Plaintiffs' attempt to read some sinister motive into these routine inquiries is, to say the least, meritless.

Additionally, as it relates to questions asked of Ms. Linguist concerning her husband's business (and her work for the business), Ms. Linguist put her own work performance at issue in this matter by alleging that Infosys has wrongly failed to promote her despite her own – as she describes it – "exemplary" performance. Linguist Decl. ¶¶ 7, 13; Pls.' Notice at 1 [Dkt 113]. Ms. Linguist admitted during her deposition that she works from home for Infosys three to four

3

US.110151544.02

days a week and also that she works for her husband's business. Linguist Dep. at 194:6-196:1. In light of this testimony, it was certainly reasonable to ask a few questions regarding Ms. Linguist's work for her husband's business, given the possibility that undue attention to her husband's business <u>during Infosys work hours when she was working outside the Infosys office</u> could shed some light on the discrepancy between Infosys's view of Ms. Linguist's performance and her assessment of same. Certainly, given the small number of questions on this issue, it cannot be regarded as unduly burdensome or harassing for Ms. Linguist to respond to them (particularly given that any information that Plaintiffs deemed confidential could be designated as subject to the protective order).[2]

Plaintiffs' attempt to characterize the questioning of Ms. Linguist as "witness tampering" is even more baseless. Witness tampering <u>is a federal crime</u> and requires evidence that, among other things, the alleged perpetrator attempted to persuade the witness "to provide false testimony" and "acted knowingly and with the intent to influence [the witness'] testimony." *U.S. v. Arocho*, 305 F.3d 627, 639 (7th Cir. 2002), superseded by statute on other grounds as stated in *U.S. v. Rodriguez–Cardenas*, 362 F.3d 958 (7th Cir. 2004). There is no such evidence here. Plaintiffs' counsel's irresponsible accusation of the same is a clear violation of Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, and serves no proper purpose.[3]

Finally, as to counsel's allegation that Infosys's recent decision to transfer (not demote) Ms. Linguist, Infosys adamantly denies that the decision was retaliatory or taken for any improper purpose. But, as significantly, Plaintiffs once again cite no evidence for this allegation – or for their cavalier assertion as to what Plaintiffs speculate "Infosys hopes" will result from

---

[2] In contrast, Defendants can discern no legitimate purpose for Plaintiffs' counsel to have inquired as to Mr. Singh's spouse's business or her immigration status (or his).
[3] The Court may be under the mistaken impression that Plaintiffs submitted this filing to address the conduct in future depositions. However, discovery closed on September 16, 2016, and no additional depositions have been scheduled for several weeks.

this personnel action. Moreover, to the extent that Ms. Linguist believes that she has been subject to retaliation (which Infosys denies), that is not the subject of this lawsuit and there is no legitimate purpose to "notify" the Court of such unfounded allegations.[4]

Infosys will not speculate as to Plaintiffs' motives for filing their unsupported Notice of Witness Tampering and Retaliation. Nonetheless, the filing is clearly improper, unsupported and prejudicial and should be stricken from the record and not used for any purpose going forward.[5]

Date: February 13, 2017.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

/s/ Ellen E. Boshkoff
Ellen E. Boshkoff
Rozlyn M. Fulgoni-Britton
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
(317) 237-0300
(317) 237-1000 (fax)
ellen.boshkoff@FaegreBD.com
rozlyn.fulgoni-britton@FaegreBD.com

George A. Stohner
Gregory P. Abrams
Lindsey M. Hogan
FAEGRE BAKER DANIELS LLP
311 S. Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 212-6500
(312) 212-6501 (fax)
george.stohner@FaegreBD.com
gregory.abrams@FaegreBD.com
lindsey.hogan@FaegreBD.com

---

[4] In addition to making unsupported allegations against counsel for Infosys, Plaintiffs inexplicably mischaracterize Ms. Linguist's testimony. Plaintiffs claim that Ms. Linguist testified about "Infosys' bulk rejection of about 12,000 applicants for U.S. positions in favor of South Asian visa holders." Pls.' Notice at 1 [Dkt 113]. Ms. Linguist actually testified that Infosys deleted 12,000 applications because no action had happened on the applications for months, and further testified that she believed that at least 50% of these applications were from South Asians. She did not have knowledge as to how the positions that these applications related to were filed. Linguist Dep. 120:22-125:17.

[5] Infosys notes that Plaintiffs cite their own Notice as substantive evidence in their class certification reply. [Dkt. 116 at 5, n.10].

Dulaney Lucetta Pope
FAEGRE BAKER DANIELS LLP
202 S Michigan Street, Suite 1400
South Bend, IN 46601
574-234-4149
574-239-1900 (fax)
lucetta.pope@FaegreBD.com

Attorneys for Defendants, Infosys Technologies Limited, Inc. and Infosys Public Services, Inc.

## CERTIFICATION REGARDING MEMORANDUM

Pursuant to Local Rule 7(a)(2), Defendants certify that the grounds for this motion are fully stated above and that no memorandum or other supporting papers will be filed.

/s/ Ellen E. Boshkoff

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on February 17, 2017.

Daniel A Kotchen
dkotchen@kotchen.com

Daniel L. Low
dlow@kotchen.com

Michael F Brown
mbrown@dvglawpartner.com

Michael J Von Klemperer
mvonklemperer@kotchen.com

US.110151544.02

**Notice has been delivered by other means to:**

Vonda K. Vandaveer
VK Vandaveer PLLC
PO Box 27317
Washington, DC 20038-7317
atty@vkvlaw.com

            /s/Ellen E. Boshkoff