UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRENDA KOEHLER, KELLY PARKER,
LAYLA BOLTEN and GREGORY HANDLOSER,

        Plaintiffs,

  v.

Case No. 13-cv-885-pp

INFOSYS TECHNOLOGIES LIMITED INC.
and INFOSYS PUBLIC SERVICES INC.,

        Defendants.

**ORDER CLARIFYING ORAL RULING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On June 24, 2025, the court issued an oral ruling granting the defendants' motion for summary judgment. Dkt. No. 216. The court granted summary judgment for the defendants on all claims. At the end of the hearing—after the court had advised the parties that it was granting the defendants' motion and had explained its reasoning in detail—defense counsel brought to this court's attention the United States Supreme Court's June 5, 2025 decision in <u>Ames v. Ohio Dep't of Youth Servs.</u>, 605 U.S. —, 145 S. Ct. 1540 (2025). (The court had scheduled the June 24, 2025 hearing in January 2025; although the Supreme Court decided <u>Ames</u> nineteen days before the June 24, 2025 hearing, neither party filed a notice of supplemental authority advising the court of the <u>Ames</u> decision.) The court told the parties that after the hearing, it would review the <u>Ames</u> decision and clarify whether it believed

1

the ruling impacted the court's decision to grant summary judgment. The court has concluded that it does not.

In Ames, the Supreme Court considered whether, to establish a *prima facie* case of disparate treatment under Title VII, "a plaintiff who is a member of a majority group must also show 'background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" Ames, 145 S. Ct. at 1543 (quoting Ames v. Ohio Dep't of Youth Servs., 87 F.4th 822, 825 (6th Cir. 2023)). The Supreme Court held that the "background circumstances" requirement, which operates as a heightened evidentiary standard in "reverse discrimination" cases, was inconsistent with Title VII's text. Id. at 1548. The Court reversed the grant of summary judgment for the defendant, finding that "the Sixth Circuit expressly based its holding affirming summary judgment in favor of the agency on Ames's failure to satisfy a heightened evidentiary standard." Id. at 1547. Notably, although the defendant had argued that Ames's Title VII claims failed even absent the background circumstances rule, the Supreme Court declined to affirm on those alternative grounds because the grounds were outside of the scope of the question presented. Id. at 1547–48. The Court remanded the case for the lower court to consider whether Ames could establish a *prima facie* case of discrimination absent the background circumstances requirement. Id. at 1548.

In this court's June 24, 2025 oral ruling, it stated that in reverse discrimination cases, the Seventh Circuit requires evidence of "background circumstances" that demonstrate that "the employer has reason or inclination

2

to discriminate invidiously against whites or evidence that there is something 'fishy' about the facts at hand." (Citing Dunlevy v. Langfelder, 52 F.4th 349, 353 (7th Cir. 2022) (quoting Bless v. Cook Cnty. Sheriff's Office, 9 F.4th 565, 574 (7th Cir. 2021)). When analyzing plaintiff Koehler's disparate treatment claim, the court opined that Koehler had failed to present evidence of background circumstances suggesting that the defendants discriminated against white employees, and that she had not established a *prima facie* case of discrimination. But the court did not base its ruling solely on that ground. The court went on to state that *even if* Koehler had established a *prima facie* case of discrimination, her claim would fail because the defendants had a legitimate, nondiscriminatory reason not to hire her and Koehler could not establish that that reason was pretextual. Because Koehler failed to demonstrate that the defendants' explanation for not hiring her was pretext for race discrimination, the court granted the defendants' motion for summary judgment as to her disparate treatment claim.

The court also cited the background circumstances rule when analyzing one of plaintiff Parker's disparate treatment claims, but again, the court did not solely rely on that rule. The court first determined that Parker's 2012 failure-to-hire claim was time-barred. The court went on to reason that even if Parker had timely filed the claim, she had not established background circumstances suggesting discrimination. Next—as it had in its analysis of Koehler's claim—the court found that even if Parker could establish a *prima facie* case of discrimination, her claim failed at the pretext stage. Because Parker's claim

3

was untimely and because she provided no evidence that the defendants' explanation for not hiring her was pretext for race discrimination, the court granted the defendants' motion for summary judgment as to Parker's 2012 failure-to-hire claim. The court did not discuss the background circumstances rule when analyzing Parker's 2013 termination claim, or any of Bolten's or Handloser's claims.

Because the court did not base its ruling solely on the (now-invalidated) background circumstances rule when granting summary judgment for the defendants, the <u>Ames</u> decision does not compel a different result. The court needs no further briefing on this issue and will not alter its decision granting summary judgment for the defendants on all claims.

Dated in Milwaukee, Wisconsin this 30th day of June, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**